UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENT BRACKETT,<br><br>        Petitioner,<br><br>    v.<br><br>J. BROWN, warden,<br><br>        Respondent.<br>_____/ | No. C 05-699 SI (pr)<br><br>**ORDER DENYING MOTION TO**<br>**DISMISS AND SETTING SCHEDULE** |

      Respondent has moved to dismiss Brent Brackett's petition for writ of habeas corpus on the ground that it contains an unexhausted claim. The exhibits in support of her motion include a copy of a Brackett's petition for review filed in the California Supreme Court and a copy of the California Supreme Court's denial of Brackett's habeas petition. Brackett filed an opposition and attached to it several letters from counsel indicating that counsel filed <u>two</u> petitions in the California Supreme Court: (1) a petition for review of the affirmance of the conviction and (2) a petition for writ of habeas corpus or petition for review of the denial of the habeas petition. The web site for the California Appellate Courts shows that, indeed, two different petitions were filed in the California Supreme Court on March 24, 2004: <u>People v. Brackett</u>, Cal. S. Ct. No. S123559 and <u>In re. Brackett on Habeas Corpus</u>, Cal. S. Ct. No. S123561. Respondent's motion assumes that the denial of review attached as Exhibit B pertains to the petition for review attached as Exhibit C, when in fact they were from two different cases. Because respondent did not include as an exhibit the habeas petition filed in the California Supreme Court -- and the absence of that document precludes this court from determining whether the allegedly unexhausted claim was raised in that petition -- she has not established that there is an unexhausted claim in Brackett's

federal habeas petition. The motion to dismiss therefore is DENIED. (Docket # 6.)

The court notes that Brackett did not serve his opposition brief on respondent. That is unacceptable and will not be tolerated in the future. Brackett must mail to respondent's counsel a copy of every document he files. Failure to mail a copy to respondent's counsel will result in the court disregarding the document or otherwise sanctioning Brackett.

In his opposition brief, Brackett requested that counsel be appointed to represent him in this action. A district court may appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation." 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is within the discretion of the district court. See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986), cert. denied, 481 U.S. 1023 (1987). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. See id. Based on the materials in the court file, it does not appear that appointment of counsel is required in this action to prevent a due process violation. The request is DENIED.

In light of the denial of respondent's motion to dismiss, the court now sets the following new briefing schedule on Brackett's petition:

1. Respondent must file and serve upon petitioner, on or before **February 17, 2006**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

2. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent's counsel on or before **March 17, 2006**.

IT IS SO ORDERED.

DATED: December 29, 2005

_____
SUSAN ILLSTON
United States District Judge

2